**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __Texas__
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | ACBL Transportation Services LLC |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | ACL Transportation Services LLC |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 5 2 – 2 1 0 6 5 8 9 |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** <br><br> 1701  E. Market Street <br> Number    Street <br><br> _____ <br><br> Jeffersonville    IN    47130 <br> City    State    ZIP Code <br><br> Clark <br> County | **Mailing address, if different from principal place of business** <br><br> _____ <br> Number    Street <br><br> _____ <br> P.O. Box <br><br> _____ <br> City    State    ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> 16526 Dezavala Road <br> Number    Street <br><br> _____ <br><br> Channelview    TX    77530 <br> City    State    ZIP Code |
| 5. | **Debtor's website** (URL) | www.bargeacbl.com |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor  **ACBL Transportation Services LLC**  Case number *(if known)*_____
        <sub>Name</sub>

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   4    8    8    3

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District _____ When _____ Case number _____
                                              MM / DD / YYYY
       District _____ When _____ Case number _____
                                              MM / DD / YYYY

**10. Are any bankruptcy cases**

☐ No
☒ Yes. Debtor  See Rider 1    Relationship  Affiliate
      District  Southern District of Texas    When  02/07/2020
                                                   MM / DD / YYYY
      Case number, if known _____

Debtor    ACBL Transportation Services LLC               Case number (*if known*)_____
          Name

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                                Number        Street

    _____

    _____ _____ _____
    City                                     State   ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name     _____
           Phone            _____

---

### Statistical and administrative information

13. **Debtor's estimation of available funds**

    *Check one:*
    ☒ Funds will be available for distribution to unsecured creditors.
    ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors** (on a consolidated basis with all affiliated debtors)

    ☐ 1-49             ☐ 1,000-5,000        ☐ 25,001-50,000
    ☐ 50-99            ☐ 5,001-10,000       ☐ 50,001-100,000
    ☐ 100-199          ☒ 10,001-25,000      ☐ More than 100,000
    ☐ 200-999

15. **Estimated assets** (on a consolidated basis with all affiliated debtors)

    ☐ $0-$50,000            ☐ $1,000,001-$10 million      ☐ $500,000,001-$1 billion
    ☐ $50,001-$100,000      ☐ $10,000,001-$50 million     ☒ $1,000,000,001-$10 billion
    ☐ $100,001-$500,000     ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion
    ☐ $500,001-$1 million   ☐ $100,000,001-$500 million   ☐ More than $50 billion

Debtor     ACBL Transportation Services LLC                             Case number (*if known*)_____
           Name

| | | | |
|---|---|---|---|
| **16. Estimated liabilities**<br>(on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____
              MM  / DD  / YYYY

✗ _____     _____
Signature of authorized representative of debtor        Printed name

Title  _____

**18. Signature of attorney**

✗ _____     Date  _____
Signature of attorney for debtor                              MM  / DD  / YYYY

_____
Printed name

_____
Firm name

_____
Number    Street

_____     _____   _____
City                                  State    ZIP Code

_____     _____
Contact phone                         Email address

_____     _____
Bar number                            State

## Rider 1

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company |
| --- |
| Finn Holding Corporation |
| ACL I Corporation |
| American Commercial Lines Inc. |
| Commercial Barge Line Company |
| American Commercial Barge Line LLC |
| American Commercial Lines International LLC |
| ACBL Oldco, LLC |
| ACBL Transportation Services LLC |
| ACBL River Operations LLC |
| Old JB LLC |
| ACL Professional Services Inc. |

# WRITTEN CONSENT
# OF THE BOARD OF MANAGERS OF
# ACBL TRANSPORTATION SERVICES LLC

**February 7, 2020**

THE UNDERSIGNED, being all of the members of the Board of Managers (the "**Board**") of ACBL Transportation Services LLC, a Delaware limited liability company (the "**Company**"), hereby consent that the actions recited herein shall be deemed the actions of the Board with the same effect as if taken at a duly noticed and called meeting of the Board, and direct that this writing be filed with the minutes of proceedings of the Board—all pursuant to the provisions of the current Limited Liability Company Agreement of the Company as of the date set forth below:

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical and current performance of the Company, the assets and prospects of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, and credit market conditions, and fully considered the strategic alternatives available to the Company; and

**WHEREAS**, the Board has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a reorganization case under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and

**WHEREAS**, the Board has determined that taking the actions set forth below are advisable and in the best interests of the Company and, therefore desires to approve the following resolutions:

NOW, THEREFORE, BE IT:

**I. Commencement of Chapter 11 Cases**

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, shareholder and other parties in interest that a voluntary petition (the "**Petition**") be filed with the Bankruptcy Court by the Company commencing a case (the "**Chapter 11 Case**") under the provisions of the Bankruptcy Code; and it is further

**RESOLVED**, that each manager, member, officer, or director of such Company (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Authorized Person may determine; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered on behalf of the Company, to execute, acknowledge, deliver and verify and file any and all petitions, schedules, statements of affairs, lists and other papers and to take any and all related actions that such Authorized Persons may deem

necessary or proper in connection with the filing of the Petition and commencement of the Chapter 11 Case; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Company; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Authorized Persons, shall be necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form and structure and ownership of the Company, all consistent with these resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

### II. Retention of Advisors

**RESOLVED**, that the law firm of Milbank LLP, located at 55 Hudson Yards, New York, NY 10001, is hereby retained as attorneys for the Company Parties in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Porter Hedges LLP, located at 1000 Main Street, 36th Floor, Houston, Texas 77002, is hereby retained as local bankruptcy counsel for the Company Parties in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Greenhill & Co., LLC, located at 300 Park Avenue, New York, NY 10022, is hereby retained as investment banker for the Company Parties in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Alvarez & Marsal North America, LLC, located at 2100 Ross Avenue, 21st Floor, Dallas, Texas, 75201, is hereby retained as financial advisor for the Company Parties in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Prime Clerk LLC, located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, is hereby retained as claims, noticing and solicitation

agent for the Company Parties in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Seward & Kissel LLP, located at One Battery Park Plaza, New York, NY 10004, is hereby retained as special counsel for the Company Parties in the Chapter 11 Cases, subject to Bankruptcy Court approval.

### III. Debtor-in-Possession Financing

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interest of the Company to engage in, and the Company will obtain benefits from, the lending transactions under a superpriority senior secured debtor-in-possession credit facility in an aggregate principal amount of $640,000,000 (the "**ABL DIP Financing**") to be evidenced by that certain Senior Secured Superpriority Debtor-in-Possession Credit Agreement (together with the exhibits and schedules attached thereto, the "**ABL DIP Credit Agreement**") to be entered into by American Commercial Lines Inc., as Holdings, and Commercial Barge Line Company, American Commercial Barge Line LLC, ACBL Transportation Services LLC, and ACBL River Operations LLC, as borrowers, Wells Fargo Capital Finance, LLC, as administrative agent (in such capacity, the "**ABL DIP Agent**"), and the lenders from time to time party thereto (the "**ABL DIP Lenders**"), subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion, and attainment of the business of the Companies; and be it further

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interest of the Company to engage in, and the Company will obtain benefits from, the lending transactions under a superpriority senior secured debtor-in-possession credit facility in an aggregate principal amount of $50,000,000 (the "**Term DIP Financing**," and together with the ABL DIP Financing, the "**DIP Financings**") to be evidenced by that certain Senior Secured Superpriority Debtor-in-Possession Credit Agreement (together with the exhibits and schedules attached thereto, the "**Term DIP Credit Agreement**," and together with the ABL DIP Credit Agreement, the "**DIP Credit Agreements**") to be entered into by American Commercial Lines Inc., as Holdings, and Commercial Barge Line Company, as borrower, Cortland Capital Market Services, LLC, as administrative agent and collateral agent (in such capacity, the "**Term DIP Agent**," and together with the ABL DIP Agent, the "**DIP Agents**"), and the lenders from time to time party thereto (the "**Term DIP Lenders**," and together with the ABL DIP Lenders, the "**DIP Lenders**"), subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion, and attainment of the business of the Companies; and be it further

**RESOLVED**, that the form, terms, and provisions of each of any and all of the other agreements to which the Company is a party, including, without limitation, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the DIP Financings (together with the DIP Credit Agreements, collectively, the "**DIP Financing Documents**"), and the Company's performance of its respective obligations thereunder, including any guarantees and the granting of security interests contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Financing Documents to which the Company is a party, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments, and certificates as may be required by the DIP Agents or required by the DIP Financing Documents; and be it further

**RESOLVED**, that the Company is authorized to guarantee, as applicable, any obligations of any party to the DIP Financing Documents and undertake any and all related transactions contemplated under the DIP Financing Documents, including the granting of security thereunder; and be it further

**RESOLVED**, that any Authorized Person is hereby authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company thereunder and the other parties to the DIP Financing Documents to the DIP Lenders and the DIP Agents, and to authorize, execute, verify, file and/or deliver to the DIP Agents, on behalf of the Company, all agreements, documents and instruments required by the DIP Agents and/or the DIP Lenders in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions, including to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper, or advisable to perform such Company's obligations under or in connection with the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, desirable, proper or advisable.

### IV. General Authorization and Ratification

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each Authorized Person (and his designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's (or his designees' or delegates') judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is further

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and it is further

**RESOLVED**, that all actions and transactions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any manager or Authorized Person of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby in all respects approved, adopted, ratified and confirmed in all respects as the true acts and deeds of the Company as of the date such action or actions were taken; and it is further

**RESOLVED**, that, to the extent that the Company serves as the sole member, managing member, general partner, partner or other governing body (the "**Controlling Company**") of any other company (a "**Controlled Company**"), each Authorized Person of the Controlling Company, any one of whom may act without the joinder of any other Authorized Person, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of the Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Person is herein authorized to take on behalf of the Controlling Company; and it is further

**RESOLVED**, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals; and it is further

**RESOLVED**, that this unanimous written consent may be executed in multiple counterparts, each of which shall be considered an original and all of which shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date set forth above.

BOARD OF MANAGERS:

By: _____
Name:  Mary Ann Sigler
Title:   Sole Manager

Fill in this information to identify the case:

Debtor name: American Commercial Lines Inc., et al.,
United States Bankruptcy Court for the: Southern District of Texas
Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Whayne Supply Co Inc<br>Attn: Attn: Chris Coots<br>Vice President<br>Dept 8326<br>Carol Stream, IL 60122-8326<br>United States | Attn: Chris Coots<br>EMAIL - chris_coots@whayne.com<br>PHONE - 502-609-4156<br>FAX - 502-423-2759 | Trade Payable | | | | $ 1,315,274 |
| 2 | John W Stone Oil Distributor LLC<br>Attn: Attn: Tony Odak<br>COO<br>Dept 322 PO Box 4869<br>Houston, TX 77210-4869<br>United States | Attn: Tony Odak<br>EMAIL - TOdak@stoneoil.com<br>PHONE - 504-915-8150<br>FAX - 504-392-2262 | Trade Payable | | | | $ 1,236,135 |
| 3 | Excell Marine Corp<br>Attn: Attn: Bruce D. McGinnis<br>CEO<br>PO Box 775770<br>Chicago, IL 60677-5770<br>United States | Attn: Bruce D. McGinnis<br>EMAIL - bmcginnis@mcginnisinc.com<br>PHONE - 270-898-1022<br>FAX - 740-377-9541 | Fully Found Charter Obligation | | | | $ 1,170,862 |
| 4 | James Transportation LLC<br>Attn: Atn: Barry Gipson<br>Executive Vice President of Sales & Business Development<br>Pnc Bank C/O James Transportation LLC<br>Lockbox 772907<br>Itasca, IL 60143<br>United States | Atn: Barry Gipson<br>EMAIL - bgipson@jamesmarine.com<br>PHONE - 270-898-7392<br>FAX - 270-448-0050 | Fully Found Charter Obligation | | | | $ 1,093,999 |
| 5 | Paducah River Service<br>Attn: Attn:Barry Gipson<br>Executive Vice President of Sales & Business Development<br>Pnc Bank C/O James Marine Inc<br>Lockbox #772942<br>Itasca, IL 60143<br>United States | Attn:Barry Gipson<br>EMAIL - bgipson@jamesmarine.com<br>PHONE - 270-898-7392<br>FAX - 270-448-0050 | Trade Payable | | | | $ 1,082,051 |
| 6 | Echo Marine Ltd<br>Attn: Attn: Rhonda Echols<br>President<br>PO Box 386<br>Highlands, TX 77562<br>United States | Attn: Rhonda Echols<br>EMAIL - rhonda@echomarineltd.com<br>PHONE - 281-426-5541<br>FAX - 281-843-2194 | Fully Found Charter Obligation | | | | $ 568,800 |
| 7 | Economy Boat Store Wickliffe<br>Attn: Attn: David Reynolds<br>Vice President<br>C/O Mers LLC<br>PO Box 679421<br>Dallas, TX 75267-9421<br>United States | Attn: David Reynolds<br>EMAIL - David.Reynolds@pilotthomas.com<br>PHONE - 901-775-8945<br>FAX - 361-573-6803 | Trade Payable | | | | $ 510,173 |
| 8 | Turn Services LLC<br>2801 Unifirst Dr<br>Owensbobo, KY 42301<br>United States | EMAIL -<br>PHONE -<br>FAX - | Fully Found Charter Obligation | | | | $ 492,194 |
| 9 | Economy/Stone Mid-Stream Fuel LLC<br>Attn: Attn: David Reynolds<br>Vice President<br>Dept 476<br>PO Box 4869<br>Houston, TX 77210-4869<br>United States | Attn: David Reynolds<br>EMAIL - David.Reynolds@pilotthomas.com<br>PHONE - 901-775-8945<br>FAX - 361-573-6803 | Trade Payable | | | | $ 474,329 |
| 10 | Gulf South Marine Brokers Inc<br>Attn: Attn: President or General Counsel<br>PO Box 10709<br>New Orleans, LA 70181-0709<br>United States | Attn: President or General Counsel<br>EMAIL -<br>PHONE -<br>FAX - | Fully Found Charter Obligation | | | | $ 407,921 |
| 11 | Grainger<br>Attn: Attn: Randeep Saini<br>925 34Th St<br>Peru, IL 61354<br>United States | Attn: Randeep Saini<br>EMAIL -<br>PHONE -<br>FAX - | Trade Payable | | | | $ 362,821 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | Marine Systems Inc<br>Attn: D. Lynn Strahan<br>President<br>PO Box 301284<br>Dallas, TX 75303-1284<br>United States | D. Lynn Strahan<br>EMAIL -<br>PHONE - 713-948-3260<br>FAX - 713-378-0208 | Trade Payable | | | | $ 327,112 |
| 13 | Louis Dreyfus Co LLC<br>4800 Main St Suite 600<br>Kansas City, MO 64112<br>United States | EMAIL -<br>PHONE -<br>FAX - | Trade Payable | | | | $ 285,072 |
| 14 | Callais & Sons<br>120 W 108Th St<br>Cut-Off, LA 70345<br>United States | EMAIL -<br>PHONE -<br>FAX - | Fully Found Charter Obligation | | | | $ 261,800 |
| 15 | Mcginnis Inc<br>Attn: Attn: Rick Griffith<br>President<br>PO Box 775759<br>Chicago, IL 60677-5759<br>United States | Attn: Rick Griffith<br>EMAIL - rgriffith@mcginnisinc.com<br>PHONE - 740-377-4391<br>FAX - 740-377-9541 | Trade Payable | | | | $ 254,115 |
| 16 | Economy Boat Store Mers LLC<br>Attn: Attn: David Reynolds<br>Vice President<br>C/O Mers LLC<br>PO Box 679421<br>Dallas, TX 75267-9421<br>United States | Attn: David Reynolds<br>EMAIL - David.Reynolds@pilotthomas.com<br>PHONE - 901-775-8945<br>FAX - 361-573-6803 | Trade Payable | | | | $ 246,389 |
| 17 | Southwest Shipyard LP<br>Attn: Attn: Anthony Lujan<br>Senior VP, Sales & Customer Service<br>Dept 116<br>PO Box 4458<br>Houston, TX 77210-4458<br>United States | Attn: Anthony Lujan<br>EMAIL - Anthony.Lujan@swslp.com<br>PHONE - 713-967-6359<br>FAX - 281-860-3215 | Trade Payable | | | | $ 244,639 |
| 18 | Inland Marine<br>Po Box 598<br>Hebron, KY 41048<br>United States | EMAIL -<br>PHONE -<br>FAX - | Fully Found Charter Obligation | | | | $ 239,412 |
| 19 | Archway Fleeting & Harbor Serv<br>Po Box 60036<br>Los Angeles, CA 90060-0036<br>United States | EMAIL -<br>PHONE -<br>FAX - | Trade Payable | | | | $ 238,591 |
| 20 | Carline Management Co Inc<br>Attn: Lew Parks<br>President<br>PO Box 1360<br>Gonzales, LA 70707-1360<br>United States | Lew Parks<br>EMAIL - lew.parks@carlinecompanies.com<br>PHONE - 225-474-5438<br>FAX - 225-473-6676 | Trade Payable | | | | $ 237,497 |
| 21 | Marquette Gulf Inland<br>Po Box 11407 Dept 1566<br>Birmingham, AL 35246-1566<br>United States | EMAIL -<br>PHONE -<br>FAX - | Fully Found Charter Obligation | | | | $ 226,200 |
| 22 | T T Coatings Inc<br>Attn: Attn: President or General Counsel<br>19368 Highway 36<br>Covington, LA 70433-8727<br>United States | Attn: President or General Counsel<br>EMAIL -<br>PHONE -<br>FAX - | Trade Payable | | | | $ 225,314 |
| 23 | Paducah Rigging Inc<br>Attn: Attn: Alex Edwards<br>President & CEO<br>4150 Cairo Rd<br>Paducah, KY 42001<br>United States | Attn: Alex Edwards<br>EMAIL - aedwards@paducahrigging.com<br>PHONE - 270-443-386<br>FAX - 270-443-8437 | Trade Payable | | | | $ 205,959 |
| 24 | Petroleum Service Corporation<br>Attn: Attn: Joel Dickerson<br>CEO<br>PO Box 734873<br>Dallas, TX 75373-4873<br>United States | Attn: Joel Dickerson<br>EMAIL -<br>PHONE - 281-991-3500<br>FAX - 281-991-1360 | Trade Payable | | | | $ 202,493 |
| 25 | Economy Boat Store<br>Attn: c/o Pilot Thomas Logistics<br>Attn: David Reynolds, VP<br>C/O Mers LLC<br>PO Box 679421<br>Dallas, TX 75267-9421<br>United States | c/o Pilot Thomas Logistics<br>EMAIL - David.Reynolds@pilotthomas.com<br>PHONE - 901-775-8945<br>FAX - 361-573-6803 | Trade Payable | | | | $ 182,673 |
| 26 | Terral River Svc Inc<br>Attn: Attn: Tom Gattle<br>President / CEO<br>10100 Hwy 65S<br>Lake Providence, LA 71254<br>United States | Attn: Tom Gattle<br>EMAIL - tomg@terralriverservice.com<br>PHONE - 318-559-1500<br>FAX - 318-559-1524 | Trade Payable | | | | $ 160,942 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | C & J Marine Services Inc<br>Attn: Attn: David Armstrong<br>Dept 875223315<br>Palatine, IL  60038-0001<br>United States | Attn: David Armstrong<br>EMAIL - david.a.armstrong@grainger.com<br>PHONE - 314-808-6472<br>FAX - | Fully Found Charter Obligation | | | | $ 154,414 |
| 28 | Campbell Transportation Co Inc<br>PO Box 931696<br>Cleveland, OH  44193<br>United States | EMAIL -<br>PHONE -<br>FAX - | Trade Payable | | | | $ 151,792 |
| 29 | Brown Water Marine Services<br>Po Box 2269<br>Rockport, TX  78381<br>United States | EMAIL -<br>PHONE -<br>FAX - | Trade Payable | | | | $ 147,406 |
| 30 | Chevron Products Company<br>Attn: Attn: Buck Bradberry<br>Marine Account Manager<br>PO Box 730348<br>Dallas, TX  75373-0348<br>United States | Attn: Buck Bradberry<br>EMAIL - BUOB@chevron.com<br>PHONE - 505-250-7311<br>FAX - | Trade Payable | | | | $ 144,385 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| ACBL TRANSPORTATION SERVICES LLC, | § § § § | Case No. [_____] |
| Debtor. | § § § | |

## LIST OF EQUITY HOLDERS

Pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having an equity ownership interest, in the above- captioned debtor in possession.

| Debtor | Equity Holder and Last Known Address | Percentage of Equity Held |
|---|---|---|
| ACBL Transportation Services LLC | Commercial Barge Line Company<br><br>1701 E. Market Street<br>Jeffersonville, IN 47130 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| ACBL TRANSPORTATION SERVICES LLC, | § § § § | Case No. [_____] |
| Debtor. | § § § § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in Finn Holding Corporation ("**Finn Holding**") and its affiliated debtors (the "**Affiliated Debtors**"), as proposed debtors and debtors in possession (collectively, the "**Debtors**"). Finn Holding, on behalf of itself and the Affiliated Debtors, respectfully represents as follows:

1. Each Debtor listed in **Exhibit A** is 100% owned by its direct parent unless otherwise noted.

2. Finn Holding is the ultimate parent company of each of the Affiliated Debtors, and directly or indirectly owns a 100% equity interest in each of the Affiliated Debtors.

3. Equity Ownership of Finn Holding Corporation is represented by:

    a. Class A common stock, 10.7731052% held by Platinum Equity Capital Finn Partners I, L.P.;

    b. Class A common stock, 61.927016% held by Platinum Equity Capital Finn Partners II, L.P.;

    c. Class A common stock, 11.52% held by Platinum Equity Capital Partners-A II, L.P.;

d. Class A common stock, 11.7798788% held by Platinum Equity Capital Partners-PF II, L.P.;

e. Class A common stock, 4% held by Platinum Finn Principals, LLC.

# Exhibit A

## Organizational Chart



**Fill in this information to identify the case:**

Debtor name __ACBL Transportation Services LLC__

United States Bankruptcy Court for the: _____Southern_____ District of __Texas__
(State)

Case number (If known): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❑ *Schedule H: Codebtors* (Official Form 206H)
- ❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❑ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Consolidated Corporate Ownership Statement and List of Equity Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____    ✗ /s/ Dawn Landry _____
MM / DD / YYYY                      Signature of individual signing on behalf of debtor

                                    Dawn Landry _____
                                    Printed name

                                    Authorized Signatory
                                    Position or relationship to debtor

Official Form 202       **Declaration Under Penalty of Perjury for Non-Individual Debtors**